EL PUEBLO, DEMANDANTE Y APELADO, *v.* GONZÁLEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce, en causa seguida por adulteración de leche.

No. 1456.—Resuelto en enero 26, 1920.

PRUEBA—APRECIACIÓN DE LA PRUEBA.—Cuando existe conflicto en la prueba y el juez la resuelve en contra del acusado, el tribunal de apelación no intervendrá con dicha decisión, a menos que se alegue que fué debida a pasión prejuicio o parcialidad o que existió error manifiesto.

PRUEBA—DISCREPANCIA ENTRE LA ACUSACIÓN Y LA PRUEBA—LECHE ADULTERADA.—
No existe discrepancia entre la acusación y la prueba por el hecho de alegarse
en aquélla que el acusado tiene a la venta leche adulterada y aparecer de
ésta que la vende, pues alegándose que es dueño del depósito y que tiene a
la venta leche adulterada, implícitamente se alega que la vende, hecho que
puede ser probado porque para eso se alega que la tiene en el depósito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Leopoldo Tormes.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante fué acusado de ofrecer en venta como pura leche adulterada y habiendo sido condenado apeló de la sentencia.

Es un hecho no controvertido que la leche estaba adulterada pero sostiene el apelante que el juez erró en la apreciación de la prueba en cuanto a si la tenía en venta.

Según dos testigos presentados por la acusación, el acusado estaba en el depósito que tiene destinado a la venta de leche llenando media botella de leche que había en un balde para la venta cuando llegó el inspector de alimentos y le dijo que no la vendiera porque iba a inspeccionarla y se la hizo vaciar en un balde. Los testigos de la defensa declaran que en el puesto de leche del apelante había solamente media botella de leche que una hija suya compró en otro puesto para usarla en la casa.

Con la sentencia condenatoria decidió la corte inferior el conflicto de esa evidencia en contra del acusado y como no se alega que esa decisión fuera debida a pasión, prejuicio o parcialidad, ni tampoco existe manifiesto error, no podemos sostener el recurso por ese fundamento.

El otro motivo de error que se alega es que la sentencia es contraria a derecho porque la prueba de la acusación tiende a justificar que el apelante vendía la leche que resultó adulterada, mientras que la acusación imputó que ofrecía en venta

la leche, por lo que existe discrepancia entre la acusación y la prueba.

Aparte de que no es exacto que los testigos presentados por el fiscal dijeran que el apelante estaba vendiendo la leche sino que estaba llenando media botella con la leche que tenía en un balde en su depósito, para la venta, de todos modos, admitiendo que se probó que vendía la leche adulterada cuando la acusación le imputó que la tenía a la venta, no vemos que exista discrepancia entre una y otra porque es indudable que si se alega que es dueño del depósito y que tiene a la venta leche adulterada, implícitamente se dice que la vendía y puede ser probado este hecho porque para eso se alega que la tiene en el depósito.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.